**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                             No. CIV-05-0489 BB/RLP
                                                  CR-01-1108 BB

KIRBY GENE SPILLMAN,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 74) filed May 2, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant was convicted of drug and firearm charges, and the Court of Appeals affirmed his conviction. *See United States v. Spillman*, No. 02-2320, 2004 WL 171627 (10th Cir. Jan. 29, 2004).

      In his § 2255 motion, Defendant invokes the Supreme Court's recent decisions in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging his sentence. *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts that are admitted or found by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 2536. In *Blakely* the Court set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See*

124 S. Ct. at 2538. The more recent decision in *Booker*, 125 S. Ct. at 764, declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of his criminal conviction. *See United States v. Bellamy*, --- F.3d ---, ---, No. 04-5145, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005)) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (ruling that *Blakely* does not apply to convictions that were final before June 24, 2004). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *see Blakely*, 124 S. Ct. at 2536, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). These decisions apply only to pending cases and those on direct review. *See Booker*, 125 S. Ct. at 769; *Bellamy*, --- F.3d ---, ---, 2005 WL 1406176, at *4. Defendant is not entitled to relief under these decisions, and his motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 74) filed May 2, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE